IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DILLON AUTO SALES, INC., | ) | 4:14CV104 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| TERRY L. TROUTNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, Terry L. Troutner ("Troutner"), has filed a *Daubert* motion[1] to exclude the expert witness testimony of Robert R. Aucone, a certified public accountant retained by the plaintiff, Dillon Auto Sales, Inc. ("Dillon Auto"). The motion will be denied.[2]

Dillon Auto alleges, among other things, that Troutner, who was previously employed as its general manager, used a company credit card for personal purposes, failed to account for and repay loans, stole money and vehicles, and received bonuses and other compensation to which he was not entitled by making inaccurate inventory write-downs. These various financial dealings appear to be proper subjects for expert testimony by a certified public accountant, which testimony will assist the trier of fact in understanding the business principles involved and in calculating any damages. *See* Fed. R. Evid. 702. At this time, therefore, the court declines to exclude Mr. Acucone's expert testimony.

Accordingly,

---

[1] *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[2] An accompanying motion to seal exhibits submitted in support of the *Daubert* motion will be granted.

IT IS ORDERED:

1. Filing No. 75, Defendant's motion to exclude expert testimony of Robert Aucone, is denied.

2. Filing No. 78, Defendant's motion to seal Exhibits B and C attached to the Declaration of Raymond Aranza (Filing No. 77) is granted pursuant to [Nebraska Civil Rule 7.5](#).

DATED this 21st day of January, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.