IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DILLON AUTO SALES, INC., | |
| Plaintiff, | 4:14CV104 |
| v. | |
| TERRY L. TROUTNER, | MEMORANDUM AND ORDER |
| Defendant. | |

Prior to this suit, Tara Paulson, one of the lawyers for Dillon Auto Sales, Inc. (Dillon), had a meeting with Terry L. Troutner (Troutner), the manager of the company, about a NEOC complaint filed against the company by a former employee who was an African-American. Within weeks of this meeting, Troutner was fired. Among other counterclaims, Troutner asserts that he was fired because he told Paulson there was no basis for firing the black employee. Troutner made this clear in an affidavit in opposition for a motion for summary judgment. (Filing no. 140-4 ¶¶ 24-32.)

This case proceeded to trial with Ms. Paulson handling voir dire and Mr. Fahleson, her colleague, handling the opening statement. Fahleson, as counsel for the plaintiff, proceeded to make the first opening statement. Mr. Aranza, for Troutner, then made his opening statement. Among other things, and summarized and condensed, he told the jury that Troutner had told Ms. Paulson that the firing of the African-American was unwarranted and shortly thereafter Troutner was fired.

After Mr. Aranza made his opening statement, I called counsel to the bench. Essentially, I told counsel that I was concerned that Ms. Paulson might be a "necessary" witness in the case as she was the only other party to Troutner's conversation. *See, e.g., Macheca Transp. Co. v. Philadelphia Indem. Co.*, 463 F.3d

827, 833 (8th Cir. 2006); *iHealthcare, Inc. v. Greene*, No. 2:11 CV 396, 2012 WL 2026361, at *7-8 (N.D. Ind. June 5, 2012); *Nebraska Rules of Professional Conduct*, § 3-503.7.

Rather than proceed with trial, I declared a recess and I asked counsel to consider the matter overnight. Counsel for Dillon filed a motion in limine last night basically seeking to preclude Troutner from offering any evidence about his conversations with Paulson.

This morning I held a hearing on the motion in limine. I denied the motion. Dillon then requested that I allow Paulson to testify as a rebuttal witness. I denied that request as well. Dillon then moved for a mistrial which I granted. I did not award costs or fees to either party because I concluded that both sides should have picked up on the issue prior to trial.

IT IS ORDERED that:

1. The motion in limine (filing no. 185) is denied. Dillon's oral request to allow Ms. Paulson to testify as a rebuttal witness is denied. Dillon's motion for a mistrial is granted, but the undersigned declines to award fees or costs to either party.

2. This matter is referred to Magistrate Judge Zwart for further case progression which should also include resolution of the issue that caused the mistrial.

DATED this 27th day of June, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge